NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS ANTONIO CUBIDES RAMIREZ, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CHIQUITA BRANDS INTERNATIONAL, INC.,<br><br>Defendant. | Civil Action No. 25-08931 (GC) (JBD)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

THIS MATTER comes before the Court upon Plaintiffs' Motion to Remand this case to the Superior Court of New Jersey, Mercer County.  (ECF No. 17.)  Defendant Chiquita Brands International, Inc. opposed, and Plaintiffs replied.  (ECF Nos. 18 & 19.)  The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure (Rule) 78(b) and Local Civil Rule 78.1(b).  For the reasons set forth below, and other good cause shown, Plaintiffs' Motion to Remand is **GRANTED.**

I.      **BACKGROUND**

Chiquita opposes Plaintiffs' Motion primarily based on events that occurred prior to the filing of this action.  Therefore, the Court will provide an overview of previous related litigation before providing relevant background information on the instant matter.

A.      **Previous Litigation**

In 2007, a group of plaintiffs from the Republic of Colombia filed a putative class action against Chiquita in the District Court for the District of New Jersey.  *See Doe 1 et al., v. Chiquita Brands Int'l, Inc.*, Civ. No. 07-3406 (D.N.J. July 19, 2007) (Dkt. No. 1).  Those plaintiffs alleged

Chiquita "fund[ed], arm[ed], and otherwise support[ed] terrorist organizations in Colombia, in order to maintain its profitable control of Colombia's banana growing regions." *Id.* ¶ 2. The plaintiffs were "family members of trade unionists, banana workers, political organizers, social activists, and others targeted and killed by terrorists, notably the paramilitary organization United Self-Defense Committees of Colombia [AUC] . . . during the 1990s through 2004." (*Id.*) The complaint identified Chiquita as "a leading international producer, distributor, and marketer of bananas[.]" *Id.* ¶ 12. The plaintiffs brought claims under the Alien Tort Statute (ATS), 28 U.S.C. § 1350, *et seq.*, and the Torture Victims Protection Act (TVPA), as well as pursuant to New Jersey and Colombian law. *See Garcia v. Chiquita Brands Int'l, Inc.*, 48 F.4th 1202, 1208 (11th Cir. 2022) (describing the 2007 New Jersey-filed case).

Similar actions were filed in District Courts for the Southern District of Ohio, the Southern District of Florida, and the Southern District of New York, and two similar actions were filed in the District Court for the District of Columbia. *See In re Chiquita Brands lnt'l, Inc., Alien Tort Statute & S'holders Derivative Litig.*, 536 F. Supp. 2d 1371, 1371 (J.P.M.L. 2008). Less than a year after the complaint was filed in the District of New Jersey, the United States Judicial Panel on Multidistrict Litigation centralized these cases into one Multidistrict Litigation (MDL) in the Southern District of Florida. *Id.* at 1372. The Panel found that "these six actions involve common questions of fact, and that centralization under [28 U.S.C. § 1407] in the Southern District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation" because "[a]ll of these actions arise from allegations that Chiquita provided financial and other support to [AUC], a Colombian right-wing paramilitary organization

engaged in an armed struggle against leftist guerilla groups in various parts of Colombia, including those where Chiquita had banana-producing operations." *Id.*[1]

In 2011, the Southern District of Florida largely denied Chiquita's first motion to dismiss in the 2007 New Jersey-filed case. *See Garcia*, 48 F.4th at 1208. However, on an interlocutory appeal in 2014, the Eleventh Circuit reversed and dismissed the plaintiffs' ATS and TVPA claims due to an intervening change in law from the United States Supreme Court. *Id.* (citing *Cardona v. Chiquita Brands Int'l*, 760 F.3d 1185, 1187 (11th Cir. 2014)). The New Jersey-filed plaintiffs filed a second amended complaint in 2012—which added former Chiquita executives and employees as defendants—and attempted to file a third amended complaint in 2017 that would have added several hundred additional named plaintiffs, but the Southern District of Florida denied that motion given "the advanced stage of the proceeding and imminent scheduling of the matter for trial." *Id.* Those individuals who sought to be added were previously unnamed members of the putative class. *In re Chiquita Brands Int'l Inc. Alien Tort Statute & S'holders Derivative Litig.*, 331 F.R.D. 675, 679 (S.D. Fla. 2019). On May 31, 2019, the Southern District of Florida denied class certification in the 2007 New Jersey-filed case. *Id.* at 680, 687.

"No longer putatively represented by the named plaintiffs in the [2007 New Jersey-filed] action," a group of several hundred plaintiffs sued Chiquita "in [federal] district court in New Jersey on March 25, 2020." *Garcia*, 48 F.4th at 1208 (citing *Jane Doe 8, et al. v. Chiquita Brands Int'l, Inc.*, Civ. No. 20-3244, 2020 WL 1561707 (D.N.J. Mar. 25, 2020) (Dkt. No. 1)). The complaint in this second New Jersey action asserted various claims under New Jersey law as well

---

[1]    The 2007 New Jersey-filed case was re-docketed into the MDL and as civil case number 08-80421 in the Southern District of Florida. *See In re Chiquita Brands Int'l, Inc., Alien Tort Statute & S'holders Derivative Litig.,* No. 08-md-01916 (S.D. Fla. April 21, 2008) (Dkt. No. 44).

3

as violations of Colombian law. *Id.*[2] The Judicial Panel on Multidistrict Litigation soon after transferred the case to the MDL in the Southern District of Florida. *Id.* There, the district court dismissed with prejudice the 2020 New Jersey-filed plaintiffs' New Jersey state law claims on extraterritoriality grounds and the Colombian law claims as time-barred. *Id.* Those plaintiffs appealed with respect to the Colombian law claims. *Id.* In 2022, the Eleventh Circuit largely affirmed the district court's decision but allowed the plaintiffs to amend to plead the applicability of the minority tolling doctrine under which "the statute of limitations for victims who were minors at the time of their injuries is tolled until those victims reach the age of majority." *Id.* at 1207 & n.4, 1220-21. The Eleventh Circuit found the district court abused its discretion in prohibiting amendment with respect to this doctrine because "a plaintiff's failure to plead facts that would prevent a dismissal on statute of limitations grounds does not typically warrant dismissal with prejudice." *Id.* at 1220-21.

The 2020 New Jersey-filed plaintiffs therefore filed an amended complaint in 2023, which Chiquita moved to dismiss. (ECF No. 18 at 12.)[3] The Southern District of Florida stayed a decision on that motion pending a decision from the Eleventh Circuit. (*Id.*) The Eleventh Circuit

---

[2]     "The Complaint asserted these causes of action under New Jersey law: War Crimes; Crimes Against Humanity; Terrorism; Material Support to Terrorist Organizations; Extrajudicial Killing; Torture; Cruel, Inhuman or Degrading Treatment; Violation of the Right to Life, Liberty and Security of the Person; Gross Violations of Internationally Recognized Human Rights; Wrongful Death; Assault and Battery; Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress; Negligence and Negligent Hiring; and Loss of Consortium." *Garcia v. Chiquita Brands Int'l, Inc.*, 48 F.4th 1202, 1208 n.5 (11th Cir. 2022). "Plaintiffs allege[d] the assertion of 'analogous' claims against Chiquita under Colombian law, pursuant to various sections of the Colombian Civil Code and the Colombian Criminal Code." *Id.*

[3]     Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

is currently evaluating whether to uphold the jury verdicts rendered in the MDL,[4] which found in favor of certain Colombian citizens—including certain plaintiffs in the original 2007 New Jersey-filed case.  (*See* ECF No. 4-16 at 2.)

### B.    The Current Litigation

On June 9, 2025, Plaintiffs in the instant matter filed a Complaint in the Superior Court of New Jersey, Mercer County, Docket Number MER-L-001179-25.  (ECF No. 1-2.)  Plaintiffs are residents and citizens of Colombia.  (*Id.* ¶¶ 3-46.)  Chiquita, a leading international producer, distributor, and marketer of bananas and other produce, is the sole Defendant.  (*Id.* ¶ 50.)  Chiquita is incorporated in New Jersey and operates its principal place of business in Florida.  (*Id.* ¶ 51; ECF No. 4 ¶ 13.)  Similar to earlier cases, Plaintiffs in this matter allege that Chiquita "fund[ed], arm[ed], and otherwise support[ed] terrorist organizations in Colombia in their campaign of terror against the civilian population of the Urabá region, in order for Chiquita to maintain its profitable control of Colombia's banana growing regions."  (ECF No. 1-2 ¶ 1.)  Plaintiffs are "family members of trade unionists, banana workers, political organizers, social activists, and others targeted and killed by terrorists, most notably paramilitary organizations including [AUC] . . . from at least 1992 through 2004."  (*Id.*)

On the same day that Plaintiffs filed their Complaint, Chiquita filed a notice of removal. (ECF No. 1.)  On June 24, 2025, Chiquita filed an amended notice of removal.  (ECF No. 4.)  In the amended notice, Chiquita asserts that the Court has subject-matter jurisdiction over this action through diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2).  (*Id.* ¶¶ 9-13, 21.)  Chiquita also

---

[4]    The Eleventh Circuit held oral argument on January 30, 2026.  *See In re Chiquita Brands Int'l, Inc., et al*, No. 24-13770 (11th Cir. Jan. 30, 2026) (Dkt. No. 71.)

asserts jurisdiction is proper under 28 U.S.C. § 1332(d)(2) and 1332(d)(11), also known as Class Action Fairness Act (CAFA) jurisdiction for "mass actions."  (*Id.* ¶¶ 51-52.)

On July 3, 2025, Plaintiffs requested a pre-motion conference in advance of their intent to file a Motion to Remand on the grounds that Chiquita (1) violated the forum-defendant rule with respect to diversity jurisdiction and (2) failed to establish CAFA jurisdiction.  (ECF No. 11.) Following a conference, the Court set a briefing schedule for the Motion to Remand.  (ECF No. 12 at 7.)  The Court also consolidated this case with eleven others "for the limited purpose of administrative ease in briefing and adjudicating [P]laintiffs' forthcoming [M]otion to [R]emand." (*Id.* (citing Rules 1 and 42(a)(3).)  Those eleven cases were filed by Colombian plaintiffs in New Jersey state court alleging similar facts and were removed to the District of New Jersey by Chiquita on the same exact timeline as this matter.[5]  The Court designated this matter as the lead action. (*Id.*)  The parties thereafter briefed the Motion to Remand.  (ECF Nos. 17, 18, 19.)[6]

Each of the twelve state law Complaints consists of fewer than 100 Plaintiffs, but there are a combined 826 Plaintiffs.  (ECF No. 18 at 13, 25; ECF No. 19 at 16 n.1, 19.)  700 of those

---

[5]    Those eleven cases are: *Raquel Victoria Sena de Leon, et al.*, *v. Chiquita Brands International, Inc.*, Civ. No. 25-08947 (D.N.J. June 9, 2025); *Neir Hernandez Gonzalez, et al.*, *v. Chiquita Brands International, Inc.*, Civ. No. 25-08954 (D.N.J. June 9, 2025), *Bertha Beatriz Vargas Vasquez, et al.*, *v. Chiquita Brands International, Inc.*, Civ. No. 25-08979 (D.N.J. June 9, 2025); *Heriberto Rengifo Osorio, et al. v. Chiquita Brands International, Inc.*, Civ. No. 25-08990 (D.N.J. June 9, 2025); *Maria Dionis Florez Jaramillo, et al.*, v. *Chiquita Brands International, Inc.*, Civ. No. 25-09008 (D.N.J. June 9, 2025); *Beatriz Elena Guzman, et al. v. Chiquita Brands International, Inc.*, Civ. No. 25-09020 (D.N.J. June 9, 2025); *Sixta Cledys Pereira Martinez, et al. v. Chiquita Brands International, Inc.*, Civ. No. 25-09022 (D.N.J. June 9, 2025); *Angela Maria Avila Jimenez, et al.*, v. *Chiquita Brands International, Inc.*, Civ. No. 25-09023 (D.N.J. June 9, 2025); *Olfa Quintero-Peate, et al. v. Chiquita Brands International, Inc.*, Civ. No. 25-09041 (D.N.J. June 9, 2025); *Nellys Carrascal Huertas, et al.*, *v. Chiquita Brands International, Inc.*, Civ. No. 25-09052 (D.N.J. June 9, 2025); and *Dilma Esther Rivero, et al. v. Chiquita Brands International, Inc.*, Civ. No. 25-09058 (D.N.J. June 9, 2025).

[6]    The Court will therefore refer to the plaintiffs in all twelve matters collectively as "Plaintiffs."

Plaintiffs were also named in at least one of the MDL complaints.  (ECF No. 18 at 13; ECF No. 19 at 16.)  659 of those 700 were specifically named in the 2020 New Jersey-filed complaint.  (ECF No. 18 at 13; ECF No. 19 at 16.)  Of the 126 Plaintiffs who were not listed as plaintiffs in the MDL, 85 bring claims on behalf of decedents whose claims were or are being pursued by other relatives in the MDL.  (ECF No. 4 ¶¶ 38-41; ECF No. 18 at 13 & n.6; ECF No. 19 at 16.)  Of the remaining 41 Plaintiffs, Chiquita states 30 of them were "subsumed" in the MDL.  (ECF No. 18 at 13-14 (citing *In re Chiquita Brands Int'l, Inc., Alien Tort Statute & S'holders Derivative Litig.*, No. 08-md-01916 (S.D. Fla. June 9, 2017) (Dkt. No. 1472 at 7-8) (order requiring plaintiffs in the MDL to "disclose *all* claimants against Chiquita or the [i]ndividual [d]efendants subsumed in this MDL proceeding) (emphasis in original).)  But these 30 individuals were non-named members of the putative class that was denied in the 2007 New Jersey-filed case.  (ECF No. 19 at 17.)  Indeed, Chiquita attaches an exhibit in which counsel for plaintiffs in the MDL, when disclosing the names of those individuals over email, refers to their claims as "unfiled."  (ECF No. 18-1 at 2.)  Finally, the remaining 11 Plaintiffs' only connection to the MDL is that they were also allegedly members of the denied putative class in the 2007 New Jersey-filed case, but their names were not mentioned in the MDL plaintiffs' counsel's email to Chiquita.  (*See* ECF No. 18 at 14; ECF No. 18-1 at 2-8; ECF No. 19 at 18; *see also, e.g.*, ECF No. 4-11 ¶ 210.)

## II.    <u>LEGAL STANDARD</u>

A defendant may remove a case from state to federal court where "the district courts of the United States have original jurisdiction."  *Entrekin v. Fisher Sci. Inc.*, 146 F. Supp. 2d 594, 603 (D.N.J. 2001) (citing 28 U.S.C. § 1441(a)).  Following the removal of a case, the plaintiff may move to remand the case to state court.  *See Atl. Neurosurgical Specialists v. Anthem, Inc.*, Civ. No. 21-20052, 2022 WL 3273952, at *1 (D.N.J. Aug. 11, 2022).  When an action is removed to federal court, the removing party maintains the burden of showing that the court has subject-matter

jurisdiction. *See Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). The court must evaluate whether remand was proper at the time of removal and not after. *Lawless v. N.J. Dep't of Corr.*, Civ. No. 12-14670, 2022 WL 1830778, at *2 (D.N.J. June 3, 2022). "The [c]ourt must also strictly construe the removal statutes against removal and resolve any doubts in favor of remand." *Entrekin*, 146 F. Supp. 2d at 604; *see also Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) ("A district court must resolve all contested issues of substantive fact . . . and . . . any uncertainties as to the current state of controlling substantive law in favor of the plaintiff.").

## III.    DISCUSSION

Plaintiffs argue that remand is proper because (1) Plaintiffs invoked the forum-defendant rule with respect to diversity jurisdiction and (2) the Court does not have CAFA jurisdiction. (ECF No. 17-1 at 12-17, 23-25.) Chiquita responds that Plaintiffs have waived the forum-defendant rule based on their conduct in previous federal litigation and that, even if they had not, CAFA jurisdiction is proper. (ECF No. 18 at 16-27.) The Court addresses each argument in turn.

### A.    Diversity Jurisdiction and Waiver of the Forum-Defendant Rule

Federal courts are courts of limited jurisdiction, and one statutory basis for jurisdiction is diversity. A federal court has diversity jurisdiction if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. § 1332(a)(2). "The traditional explanation of the purpose of diversity jurisdiction is the fear that state courts would be prejudiced against out-of-state litigants." *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 189 (3d Cir. 2008) (McKee, J., concurring). However, under the forum-defendant rule, "a civil action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

8

28 U.S.C. § 1441(b)(2). In other words, removal based on diversity is improper if a defendant is a citizen of the state in which the case is brought. "The forum defendant rule reflects the belief that federal diversity jurisdiction is unnecessary because there is less reason to fear state court prejudice against the defendant if one or more of them are from the forum state." *Brown v. Organon USA Inc.*, Civ. No. 07-3092, 2008 WL 2625355, at *5 (D.N.J. June 27, 2008) (internal quotation marks and citation omitted).

However, "section 1441(b)'s bar against removal by a forum-state citizen is not jurisdictional" but is instead procedural. *Kor. Exch. Bank, N.Y. Branch v. Trackwise Sales Corp.*, 66 F.3d 46, 50 (3d Cir. 1995). It is not jurisdictional because such a case could have been originally brought in federal court. *See id.* Therefore, unlike subject matter jurisdiction, which can never be waived, a plaintiff can waive protection of the forum-defendant rule. For example, "a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). Accordingly, if a plaintiff fails to invoke the forum-defendant rule through a motion to remand within 30 days of the defendant's notice of removal to federal court, the plaintiff has waived the rule's protection. *Kor. Exch.*, 66 F.3d at 50-51.

The parties have not cited any binding authority holding that plaintiffs can waive protection of the forum-defendant rule through conduct that is separate from a violation of 28 U.S.C. § 1447(c)'s 30-day requirement. (*See generally* ECF Nos. 17, 18.) Indeed, "[c]ourts have addressed waiver of the forum-defendant rule most often in the timeliness context, when a plaintiff fails to invoke the issue within 30 days after the notice of removal is filed." *In re Sorin 3T Heater-Cooler Sys. Prods. Liab. Litig.*, Civ. No. 18-2816, 2021 WL 5447098, at *4 (M.D. Pa. Nov. 22, 2021) (first citing *Kor. Exch.*, 66 F.3d at 50-51; and then citing *Jallad v. Madera*, 784 F. App'x 89, 94 (3d Cir.

9

2019)). However, "courts within our circuit and elsewhere have long recognized that other grounds may exist for declining to strictly enforce the nonjurisdictional rule." *Id.* (collecting cases).

At least one district court in the Third Circuit has formulated a set of factors to consider in deciding whether a plaintiff has waived protection of the forum-defendant rule. In *Patel v. Smith*, the court analyzed the following factors:

> (1) the length of time prior to the filing of a motion to remand, (2) the degree to which the party seeking remand has made use of the processes of the federal court prior to filing the motion to remand, (3) the degree to which the party has sought affirmative relief from the federal court prior to seeking remand, and (4) whether the party seeking remand has done something or enjoyed something which would make it inequitable to remand the case at this time.

Civ. No. 11-6650, 2012 WL 3020353, at *4 (E.D. Pa. July 23, 2012) (*Patel II*) (citing *Essington Metal Works, Inc. v. Ret. Plans of Am., Inc.*, 609 F. Supp. 1546, 1551 n.3 (E.D. Pa. 1985).)

As Chiquita highlights, when analyzing whether a plaintiff has waived protection of the forum-defendant rule outside of the 28 U.S.C. § 1447(c) context, district courts exercise broad discretion. (*See* ECF No. 18 at 15 (first quoting *Lanier v. Am. Bd. of Enodontics*, 843 F.2d 901, 905 (6th Cir. 1988) ("It is . . . settled that the district court has broad discretion in deciding whether a plaintiff has waived a right to object to procedural irregularities in removal proceedings."); and then quoting *Johnson v. Odeco Oil & Gas Co.*, 864 F.2d 40, 42 (5th Cir. 1989) ("[I]t is within the district court's discretion to determine whether the plaintiff's conduct amounts to a waiver of the right to remand.")).)

In *Patel v. Smith*, the court found the forum-defendant rule had not been waived. There, in a previous case (*Patel I*)[7], the plaintiff sued the defendant over a failed business transaction in the

---

[7]     *See Patel v. Smith*, 2011 WL 2746080 (E.D. Pa. July 12, 2011).

10

District Court for the Eastern District of Pennsylvania. 2012 WL 3020353, at *1 (summarizing *Patel I*). The court in *Patel I* dismissed the three federal causes of action for failure to state a claim, declined to exercise supplemental jurisdiction for the four state causes of action, and found plaintiff did not properly plead diversity jurisdiction. *Id.* The plaintiff thereafter filed a complaint in the Court of Common Pleas of Bucks County, Pennsylvania, asserting three causes of action under state law. *Id.* at *2. The defendant removed the case to the District Court for the Eastern District of Pennsylvania (*Patel II*)—because plaintiff had moved states since the first action was dismissed thereby satisfying diversity jurisdiction—and the plaintiff sought remand to state court. *Id.* Analyzing the four *Patel II* factors, the court found the plaintiff had not waived protection of the forum-defendant rule. First, plaintiff was quick to file a motion to remand—it was his first action in *Patel II*. *Id.* at *4. Second, in neither *Patel I* nor *Patel II* did the plaintiff "make significant use of the 'processes' of [the District Court for Eastern District of Pennsylvania]" given that "these cases never advanced past the pleading stage and no discovery ha[d] been performed." *Id.* Third, the plaintiff did seek "affirmative relief" in *Patel I*, but that case involved federal claims, and the plaintiff brought it on the erroneous assumption that diversity jurisdiction existed at the time. *Id.* Fourth, the court found the equities did not favor either side. *Id.* Considering all of these factors, the court declined to find waiver of the forum-defendant rule and remanded the matter to state court. *Id.* at *5.

Here, applying the *Patel II* framework, the Court similarly finds no waiver. First, the length of time prior to filing the Motion for Remand was short. Chiquita removed the case on June 9, 2025 and amended its notice of removal on June 24, 2025; Plaintiffs indicated their intent to move for remand just days later on June 30, 2025. (ECF Nos. 1, 4, 8.) Neither party disputes that this factor weighs in favor of remand. (ECF No. 18 at 19; ECF No. 19 at 13.)

The second and third factors both concern whether Plaintiffs have availed themselves of "the federal court" and thus should not be afforded the opportunity to reverse course. *See Patel II*, 2012 WL 3020353, at \*4. Plaintiffs' position is that the inquiry should focus on whether Plaintiffs have availed themselves of the federal court "*to which the defendant has removed* by taking some affirmative action in that court" and in that specific matter. (ECF No. 17-1 at 14 (emphasis in original).) Chiquita, by contrast, urges the Court to consider whether Plaintiffs have availed themselves of *any* federal court—even if a different docket number and different venue—so long as the claims are the same. (ECF No. 18 at 19.)

The Court has not been presented with any binding caselaw on the proper scope of this inquiry.[8] Many courts have focused on the plaintiff's conduct in the case at bar. *See, e.g.*, *Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528 (8th Cir. 1996) (denying motion to remand when plaintiff sought remand after court denied plaintiff's motion to file a new complaint); *Lanier*, 843 F.2d at 905 (denying motion to remand when plaintiff sought remand after, *inter alia*, filing discovery requests, seeking leave to amend her complaint, and proceeding with discovery). Other courts have considered the plaintiff's conduct in a previous case in the *same* federal court. *See, e.g., Patel II*, 2012 WL 3020353, at \*4 (considering previous conduct in earlier-filed case in the District Court for the Eastern District of Pennsylvania); *Ficken v. Golden*, 696 F. Supp. 2d 21, 26-27 (D.D.C. 2010) (denying motion to remand when, in part, the plaintiffs' state court complaint "largely duplicat[ed]" their previously dismissed lawsuit in the District Court for the District of Columbia).[9] But a common thread running through all of these cases is that the plaintiffs who

---

[8]   It appears the Third Circuit has not opined on whether the *Patel II* factors are appropriate to consider when evaluating waiver of the forum-defendant rule.

[9]   The only court that appears to have evaluated waiver of the forum-defendant rule in the MDL context involved a case that was already part of a federal MDL. See *In re Sorin 3T Heater-Cooler Sys. Prods. Liab. Litig.*, Civ. No. 18-2816, 2021 WL 5447098, at \*5 (M.D. Pa. Nov. 22,

12

sought remand were the exact same plaintiffs that engaged in previous conduct that might have resulted in waiver.

Here, the Court finds Plaintiffs' conduct in the 2007 and 2020 New Jersey federal actions—as opposed to litigation originating in other district courts—most relevant.   Even assuming *arguendo* that the previous New Jersey federal cases were sufficiently similar to this one to favor a finding that Plaintiffs waived protection of the forum-defendant rule, there are other issues that counsel against a finding of waiver.  Of primary concern is that 167 of the Plaintiffs in this case never filed suit in the District Court for the District of New Jersey.  (ECF No. 18 at 13; ECF No. 19 at 16.)   And even if it were proper to consider conduct in other federal courts outside of New Jersey, over 40 of those Plaintiffs never filed a federal complaint against Chiquita.  (*See* ; ECF No. 18 at 13 & n.6, 14; ECF No. 18-1 at 2; .ECF No. 19 at 16-18.)  It is true that some Plaintiffs may have had their day in federal court had the Southern District of Florida granted class certification in the 2007 New Jersey-filed case, but it did not.  *In re Chiquita Brands Int'l Inc.,* 331 F.R.D. at 680, 687.  If a class is not certified, as in the 2007 New Jersey-filed case, then a putative member "remains free to file an independent action to pursue his claims." *Waudby v. Verizon Wireless Servs, LLC*, 248 F.R.D. 173, 175 (D.N.J. 2008).  Therefore, even if these two *Patel II* factors weighed in favor of finding waiver with respect to some of the Plaintiffs, the Court finds that on the whole they do not support a finding of waiver given the many Plaintiffs who have not

---

2021).  In *Sorin*, the plaintiffs sought remand to state court, and the court found the preservation of judicial economy—by retaining the case in the federal MDL—was a concern that "alone may not constitute a basis to deny a motion to remand" and instead only "bears weight . . . in light of plaintiffs' pre- and post-removal conduct." *Id.*  Unlike in *Sorin*, this matter is not part of the federal MDL, but even if it were, Chiquita has not alleged "pre- and post-removal conduct" by Plaintiffs that would necessitate remand.  *See id.*

previously availed themselves to the District Court for the District of New Jersey or any other federal court.

Finally, the Court considers the equities. *See Patel II*, 2012 WL 3020353, at *4. Chiquita argues Plaintiffs' conduct is improper because Plaintiffs "filed duplicative claims in hopes of obtaining inconsistent judgments" and are partaking in procedural "gamesmanship" by pursuing these cases while an appeal in the Eleventh Circuit is underway. (ECF No. 18 at 21-22 (quoting *Sorin*, 2021 WL 5447098, at *4).) Plaintiffs respond that they "simply seek that New Jersey courts rule on New Jersey law because '"state courts are the ultimate authorities on the meaning of state law." (ECF No. 19 at 15 (quoting *Pinho v. Gonzales*, 432 F.3d 193, 212 (3d Cir. 2005)).)

The Court finds *Sorin*, the case put forth by Chiquita, distinguishable and in fact supports a finding that Plaintiffs did not waive protection of the forum-defendant rule. In *Sorin*, the court found plaintiffs waived protection of the forum-defendant rule based on their bad faith conduct: plaintiffs filed their state court complaint even though there was a tolling agreement between the parties that prohibited filing any such suit. 2021 WL 5447098, at *4-5. Here, Chiquita does not argue Plaintiffs have made any affirmative misrepresentations. Instead, Chiquita accuses Plaintiffs of procedural gamesmanship. (ECF No. 18 at 21.) But Plaintiffs are free to choose the court from which they seek relief. *Cf. Penn. Nurses Ass'n v. Penn. State Educ. Ass'n,* 90 F.3d 797, 807 (3d Cir. 1996) ("'[T]he plaintiff is the master of the complaint,' and 'may, by eschewing claims based on federal law, choose to have the cause heard in state court.'") (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-99 (1987)). And the state court is well-equipped to determine whether certain Plaintiffs may be precluded from bringing parallel state law claims.

Considering the relevant factors and the procedural history of the *Chiquita* MDL, the Court finds Plaintiffs' conduct does not justify a finding of a waiver of the forum-defendant rule. And

14

because Plaintiffs have not waived the forum-defendant rule, Plaintiffs' invocation of the rule requires remand so long as the Court does not have another basis for jurisdiction apart from diversity.

### B.    CAFA Jurisdiction

Chiquita argues that even if Plaintiffs have not waived protection of the forum-defendant rule, the Court still has jurisdiction—and therefore may not remand—under CAFA.  (ECF No. 18 at 23-28.)  If Chiquita is correct, then the Court would be required to deny remand because the forum-defendant rule only applies to diversity jurisdiction.  *Encompass Ins. Co. v. Stone Mansion Rest., Inc.*, 902 F.3d 147, 152 (3d Cir. 2018).

Chiquita contends that even though each state law Complaint consists of fewer than 100 Plaintiffs, litigants may not "'break up' claims—asserted in a prior federal case with over 100 plaintiffs—into separate state-court complaints."  (ECF No. 18 at 25.)  Plaintiffs respond that they are free to structure their state court Complaints to avoid CAFA jurisdiction.  (ECF No. 19 at 19.)  The Court finds it does not have CAFA jurisdiction over Plaintiffs.

CAFA extends federal jurisdiction to "mass actions."  *See* 28 U.S.C. § 1332(d)(11).  "One mandatory characteristic of a mass action is a proposal by more than one hundred persons to try their claims jointly."  *Ramirez v. Vintage Pharms., LLC*, 852 F.3d 324, 326-27 (3d Cir. 2017) (citing 28 U.S.C. § 1332(d)(11)(B)(i)).  "However, cases that are consolidated or coordinated only for pretrial purposes are explicitly exempted from CAFA's mass action provision, and thus are not removable."  *Id.* (citing 28 U.S.C. § 1332(d)(11)(B)(ii)(IV)).  Whether this Court has CAFA jurisdiction therefore "rests entirely on whether Plaintiffs have proposed to try their claims jointly."  *Id.* at 328.  Such a proposal can be made explicitly or implicitly.  *Id.* at 329.  "An explicit proposal encompasses a clear textual request for a joint trial contained within the complaint, a motion, or some other filing by a group of plaintiffs" or it can "be made orally at some point during the

litigation." *Id.* "By comparison, an implicit proposal may be found when all of the circumstances of the action, including the language of the complaint and the structure of the action, lead to the assumption that the claims will be tried jointly." *Id.*

In *Ramirez*, 113 plaintiffs filed a products liability action in Pennsylvania state court, and defendant birth control manufacturers removed the case to federal court. *Id.* at 327. The district court ordered the matter be remanded to state court for lack of subject matter jurisdiction, but the Third Circuit reversed. *Id.* The Third Circuit found "at least three explicit indications that [p]laintiffs proposed a joint trial" based on "the text of their initial filings." *Id.* at 329. First, after each count in the complaint, the plaintiffs requested "a jury trial" rather than multiple or separate trials. *Id.* Second, their Prayer for Relief also referred to a singular trial rather than multiple. *Id.* Third, the plaintiffs warned that if defendants failed to enter an appearance, then a singular "judgment" would be entered against them. *Id.* The Third Circuit also found implicit indications that the plaintiffs proposed a joint trial. The court noted that "[w]here a single complaint joins more than 100 separate claims involving common questions of law and fact, there is a presumption that those plaintiffs have implicitly proposed a joint trial." *Id.* The Third Circuit found defendants had met their burden of proof to demonstrate CAFA jurisdiction because, with one exception not relevant to the instant matter, "the entirety of . . . the documents by which [p]laintiffs initiated this action . . . contemplate a single joint trial" and "no effort was made to structure the action in a way that would preclude CAFA jurisdiction, which would have been as easy as filing two actions— each with less than 100 claims—instead of a single action with all 113 claims." *Id.* at 330.

Accordingly, the Third Circuit held that "[w]here, as here, more than 100 plaintiffs file a single complaint containing claims involving common questions of law and fact, a proposal for a joint trial will be presumed unless an explicit and unambiguous disclaimer is included." *Id.* at 327.

16

With no such explicit and unambiguous disclaimer, the court reversed the district court's decision to remand. *Id.* at 332-333.

Here, the Court does not have CAFA jurisdiction. Chiquita does not argue Plaintiffs have expressed an explicit intent to try the matters jointly based on language in their current pleadings or other conduct in these twelve matters; instead, Chiquita argues Plaintiffs' proposal was made implicitly. (ECF No. 18 at 24-25.) However, Plaintiffs have not indicated an implicit intent to try the matters jointly because, unlike in *Ramirez*, Plaintiffs filed twelve separate Complaints with fewer than 100 plaintiffs in each. (ECF No. 18 at 25; ECF No. 19 at 19.) *See Ramirez*, 852 F.3d at 330 ("[N]o effort was made to structure the action in a way that would preclude CAFA jurisdiction, which would have been as easy as filing two actions—each with less than 100 claims—instead of a single action with all 113 claims.") Indeed, "[p]laintiffs are provided with a great deal of power in the CAFA removal context. They have the ability to effectively insulate themselves from CAFA jurisdiction simply by taking the correct steps in structuring their action." *Ramirez*, 852 F.3d at 331. By filing separate complaints, Plaintiffs have taken the correct steps to insulate themselves from CAFA jurisdiction.[10]

Instead of relying on Plaintiffs' conduct in the instant matter, Chiquita urges the Court to consider the litigants' previous conduct in the MDL as evidence of Plaintiffs' intent to try these matters jointly, (ECF No. 18 at 24-25), but the Court finds this improper for two reasons. First, Chiquita's use of the term "Plaintiffs" is too broad considering many of the Plaintiffs in these

---

[10]    Further, the Court only consolidated these twelve cases "for the limited purpose of administrative ease in briefing and adjudicating [P]laintiffs' forthcoming [M]otion to [R]emand." (ECF No. 12 at 17.) There is no indication Plaintiffs intend to have these matters consolidated for trial. *See Ramirez v. Vintage Pharms.*, *LLC*, 852 F.3d 324, 326-27 (3d Cir. 2017) ("[C]ases that are consolidated or coordinated only for pretrial purposes are explicitly exempted from CAFA's mass action provision, and thus are not removable.").

twelve matters were not plaintiffs in the MDL.  Second, *Ramirez* outlines that "conduct undertaken *after* filing the [c]omplaint [but prior to removal] is certainly relevant," to whether Plaintiffs intend to proceed jointly.  852 F.3d at 331 (emphasis added).   But Chiquita would have the Court factor in conduct *before* Plaintiffs filed the twelve Complaints—not to mention that this conduct was undertaken by only a subset of the Plaintiffs in these twelve matters. (ECF No. 18 at 24.)  The fact that some Plaintiffs tried to join bellwether trials in the federal MDL litigation has no bearing on Plaintiffs' intent in filing their subsequent state court litigation, and Chiquita has not presented the Court with controlling authority suggesting otherwise.  Accordingly, the Court finds it lacks subject matter jurisdiction under CAFA.[11]

## IV.    CONCLUSION

For the foregoing reasons, and other good cause shown, Plaintiffs' Motion to Remand (ECF No. 17) is **GRANTED**.  An appropriate Order follows.


Dated: February 25, 2026

_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**

---

[11]    Plaintiffs seek an award of "costs and expenses, including attorney's fees, incurred as a result of the improper removal pursuant to 28 U.S.C. § 1447(c)." (ECF No. 17-1 at 25.)  Plaintiffs do not offer support for this argument in their briefing. (*See generally* ECF No. 17-1; ECF No. 19).   And such an award is warranted only if a defendant removed without an "objectively reasonable basis." *Martin v. Franklin Corp.*, 546 U.S. 132, 141 (2005).  The Court is unpersuaded by Chiquita's arguments, but it does not find them objectively unreasonable.  Accordingly, the Court denies Plaintiffs' request.

18